UNITED STATES DISTRICT COURT      NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

WILLIAM GEORGE,

                Petitioner,           **MEMORANDUM & ORDER**

    – against –

THOMAS LaVALLEY,              14-cv-2412 (ERK)

                Respondent.

KORMAN, *J.*:

      William George was convicted of robbery in the first and second degree for his role in robbing a record store located in Brooklyn, and was sentenced to two concurrent 14.5 year prison terms. Before beginning jury selection, the trial judge ordered that all spectators, including petitioner's family, temporarily leave the courtroom to accommodate an influx of potential jurors. Petitioner's counsel did not object. Instead, he thanked the judge. *See* Sept. 4, 2008, Trial Tr. at 4.

      Once the potential jurors arrived, the judge made a few general remarks, such as introducing the attorneys and the defendant as well as informing the potential jurors about the expected length of the trial. *Id.* at 16-20. The judge then instructed that those jurors for whom serving on a jury would be a hardship "form a line . . . . The clerk will speak to you in the hallway." *Id.* at 20-23. Next, the judge asked all potential jurors remaining in the courtroom to raise their hands if they believed they could not be fair and impartial: "I have to talk to you individually . . . I'm going to have the attorneys come up here and I'll speak to you individually." *Id.* at 26. Twelve potential jurors spoke with the judge at the bench with counsel present, eleven

of whom were excused. *Id.* at 33. The judge then seated the first panel of eighteen potential jurors inside the jury box, read a list of possible witnesses, and asked if anyone recognized the names. *Id.* at 34.

Before asking the remaining jurors any individual questions, the trial judge instructed that, as soon as possible, the court officer should inform "any spectators [that] they can go into the courtroom." *Id.* In sum, the judge excluded the public for the equivalent of 30 pages of trial transcript—only a small portion of the total jury selection process, which spanned two days and nearly 200 pages of trial transcript. *See* Sept. 5, 2008, Trial Tr. at 187.

On appeal, petitioner's challenge to the brief courtroom closure was rejected by the Appellate Division because it was unpreserved or, in the alternative, meritless. *People v. George*, 79 A.D. 3d 1148, 1148 (N.Y. App Div. 2d Dep't 2010). Subsequently, after granting leave to appeal, the New York Court of Appeals agreed that petitioner's failure to object at trial rendered his claim unpreserved. *People v. George*, 20 N.Y.3d 75, 78, 81 (2012), *cert. denied*, *George v. New York*, 133 S.Ct. 1736 (2013). Petitioner then filed the instant petition for a writ of habeas corpus, asserting his right to a public trial as the sole ground for review.

In *Presley v. Georgia*, 558 U.S. 209, 210 (2010), the Supreme Court held that excluding spectators from the entirety of jury selection violates a defendant's Sixth Amendment right to a public trial. *Presley* does not undermine the Second Circuit's holding that "trivial" or "insubstantial" courtroom closure does not warrant setting aside a conviction. *See, e.g.*, *Gibbons v. Savage*, 555 F.3d 112, 121 (2d Cir. 2009) (defendant's mother excluded from one afternoon of jury selection deemed "too trivial" for reversal); *Carson v. Fischer*, 421 F.3d 83, 95 (2d Cir. 2005) (denying habeas petition on ground that "exclusion of Petitioner's ex-mother-in-law was not sufficiently substantial to implicate the Sixth Amendment"). Indeed, the Supreme Court has

articulated the values underlying the Public Trial Clause, none of which are substantially implicated here: (1) ensure a fair trial; (2) remind the prosecutor and judge of their responsibility to the accused; (3) encourage witnesses to come forward; and (4) discourage perjury. *Waller v. Georgia*, 467 U.S. 39, 46 (1984); *see also Peterson v. Williams*, 85 F.3d 39, 43 (2d Cir. 1996) (summarizing the four values).

The trial judge here closed the courtroom for a brief period of approximately 30 minutes. Most of what occurred during this period transpired at side bar and in the hallway with the court clerk, so that, in any event, courtroom spectators would not have been privy to these conversations, nor would petitioner have been privy to them. In this sense, the temporary closure of the courtroom here does not implicate the first or second values listed above. *See Gibbons*, 555 F.3d at 121 ("Even if the trial judge had not excluded Gibbons's mother [] she would not have been able to watch a significant portion . . . because the private interviews of individual jurors . . . were justifiably conducted in an adjacent room"). Moreover, the third and fourth values are inapplicable here where the temporary exclusion occurred at jury selection, during which no one testified or had an opportunity to do so. *Id.* ("The third and fourth values derived from *Waller* [] are not implicated by voir dire"). In short, setting aside petitioner's conviction is unwarranted, either because the temporary closure was so trivial as to not implicate the Sixth Amendment, or because any Sixth Amendment violation was so trivial as to avoid categorization as a structural error. *See Brown v. Kuhlmann*, 142 F.3d 529, 541 (2d Cir. 1998) (outlining history and policy of the right to a public trial and concluding that an "insubstantial" violation did not warrant setting aside the conviction under "either approach").

These considerations aside, *Presely* involved a direct appeal, and did not address the issue whether a defendant should be able to obtain the extra level of review that habeas corpus

provides based on the error of the kind present in that case, especially in a state such as New York, the courts of which enforce the Public Trial Clause. *See Brown v. Kuhlmann*, 142 F.3d at 543-45. Nevertheless, I do not pursue the issue any further because petitioner's claim is also procedurally barred.

Barring some exceptions set out below, habeas corpus may not be granted when the underlying conviction rests on an independent and adequate state law basis, such as a procedural forfeiture. *See Harris v. Reed*, 489 U.S. 255, 261 (1989); *Sellen v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001). To constitute such a basis, the relevant state court decision must first contain a "plain statement" that it is relying on a state procedural rule in deciding the claim. *See Harris*, 489 U.S. at 261. Second, the state court in question must "regularly follow" that state procedural rule, and the procedural rule must be "firmly established." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011). New York courts "regularly follow" their "firmly established" rule regarding preservation, notwithstanding that they may sometimes invoke an "interest of justice" exception. *Richardson v. Greene*, 497 F.3d 212, 219 (2d Cir. 2007).

The standard for enforcing a procedural forfeiture has been met in this case, and petitioner's claim cannot provide a basis for habeas corpus relief unless one of two possible exceptions applies: (i) a showing of cause and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); or (ii) a showing that the alleged "constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense," *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotations omitted). Petitioner does not assert actual innocence, nor does he explain how the temporary exclusion of spectators during jury selection might have caused him actual prejudice. Indeed, even where jury selection proceedings are closed in their

4

entirety, the public is represented by the prospective jurors that fill the courtroom. *See Brown*, 142 F.3d at 536.

Lastly, while thoughtful and well-argued, petitioner's *pro se* brief ultimately misses the issues here. First, it may be true that trial counsel "thanked" the judge out of courtesy, rather than as a means of acquiescing to the temporary exclusion of the public. *See* Reply Br. Supp. Pet. at 7. Nevertheless, the act of thanking the judge highlights the lack of objection at trial. Indeed, New York's contemporaneous objection rule seeks to avoid needless retrial by alerting trial judges to potential errors and providing an opportunity for correction. *George*, 20 N.Y.3d at 81. In thanking the judge, trial counsel arguably diverted attention away from any error instead of calling attention to it. Second, petitioner's analysis conflates New York's preservation rule with the discrete issue of the *Waller* test. *See* Reply Br. Supp. Pet. at 5. Yes, *Waller* mandates that "the party seeking to close the hearing must advance an overriding interest" and that the "trial court must consider reasonable alternatives to closing the proceeding." *Presely*, 558 U.S. at 214 (quoting *Waller*, 467 U.S. at 48). But the point here on the issue of preservation is that petitioner is not afforded the potential benefits of the *Waller* test on appeal because he did not object at trial.

## CONCLUSION

The petition for a writ of habeas corpus is denied, and I decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
March 12, 2015                                            **/s/**_____
                                                                                     Edward R. Korman
                                                                                     Senior United States District Judge